**IT IS ORDERED as set forth below:**



**Date: March 16, 2017**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-55308-WLH |
| | : | |
| SKY JACKSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| GUY G. GEBHARDT, ACTING U.S. TRUSTEE, REGION 21, | : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: 16-05162 |
| v. | : | |
| | : | |
| DALLAS XAVIER EVANS, | : | |
| | : | |
| Defendant. | : | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter came before the Court on Plaintiff Guy G. Gebhardt's ("Plaintiff") Motion

for Default Judgment (the "Motion") pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R.

1

Bankr. P. 7055, against Defendant Dallas Xavier Evans ("Defendant") (Docket No. 14). The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Debtor filed a petition under Chapter 7 of the Bankruptcy Code on March 25, 2016. Plaintiff filed his Complaint for Monetary Sanctions, Disallowance of Fee, and Injunctive Relief ("Complaint") on July 20, 2016 seeking monetary sanctions against Defendant, the disgorgement of any fees paid to Defendant, and an injunction preventing Defendant from violating 11 U.S.C. § 110 and engaging in fraudulent, unfair or deceptive practices. A summons was issued July 21, 2016, and after Defendant failed to file a responsive pleading Plaintiff moved for entry of default, which was entered on October 12, 2016. Subsequently, Plaintiff filed an amended certificate of service including additional addresses where Plaintiff believed Defendant could be properly served. An alias summons was issued, and Plaintiff filed a certificate of service December 9, 2016 showing service of the summons and Complaint upon all known addresses. Defendant did not answer or otherwise respond. Plaintiff filed the Motion seeking default judgment on February 22, 2017. Because the Court had concerns regarding service on Defendant after entry of default, the Court vacated the previously entered default.[1] The clerk of court subsequently entered default against Defendant on March 6, 2017 acknowledging no response was received following service of the alias summons and Complaint on Defendant's remaining addresses.[2]

---

[1] The initial default was entered before Plaintiff served Defendant at all known addresses; therefore, it was possible that service was not proper on Defendant, and accordingly, Defendant was not properly in default. See, e.g., O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345 (6th Cir. 2003). The second entry of default resolves the outstanding question regarding proper service on Defendant.

[2] The Court does recognize that Plaintiff's Motion was filed prior to the final entry of default; under Rule 55, "the clerk's entry of default must precede an application" for default judgment. Frazier v. Absolute Collection Service, Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011). However, the Court finds that the subsequent entry of default makes the premature filing harmless, and accordingly will not require Plaintiff to re-file the motion seeking default judgment. See id.

Plaintiff filed an addendum on March 10, 2017 providing additional evidentiary material to be considered along with the Motion (Docket No. 17). However, the addendum cannot be considered at this stage of the proceeding. See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988). The Court can proceed to rule on the Motion based on the Complaint as it was served. Defendant has not filed a response to the Motion, which is therefore deemed unopposed pursuant to Bankr. L. R. 7007–1(c).

**I. Standard for Motion for Default Judgment**

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id. Only facts established by the pleadings can support a default judgment. Albright, 862 F.2d at 1392.

In determining whether the allegations in a complaint are sufficient, the Supreme Court has recently provided guidance in both Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In these cases, the Supreme Court explained that, while "detailed factual allegations" are not required, the pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action". Twombly, 550 U.S. at 555. Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Court has reviewed the Complaint and the Motion to determine if the matters admitted by virtue of the default justify the relief requested.

3

**II. 11 U.S.C. § 110**

Plaintiff's Motion seeks sanctions against Defendant for failing to comply with the requirements placed on bankruptcy petition preparers by the Bankruptcy Code. Bankruptcy petition preparers are governed by 11 U.S.C. § 110. Section 110 defines a bankruptcy petition preparer as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A document for filing includes petitions as well as "any other document prepared for filing by a debtor" in connection with a bankruptcy case. Id. § 110(a)(2). The Bankruptcy Code limits the scope of conduct that is acceptable for petition preparers.

Section 110 requires petition preparers to make certain disclosures. For example, a petition preparer must sign any document that is prepared for a debtor's bankruptcy case and provide the preparer's name and address. Id. § 110(b)(1). Petition preparers are also required to provide the social security number of the individual who prepared the document on each "document for filing", id. § 110(c)(1), and disclose any fees received from the debtor related to the preparation of documents for the bankruptcy case, id. § 110(h)(2). In addition to requiring such disclosures, section 110 limits a petition preparer's ability to give legal advice. Id. § 110(e)(2)(A). Legal advice includes, among other things, advising the debtor on whether to file a petition, whether his debts will be discharged, and whether he will be able to retain certain assets. Id. § 110(e)(2)(B). Petition preparers are also prohibited from helping debtors "characterize the nature of the debtor's interests in property or the debtor's debts" or on "bankruptcy procedures and rights". Id. § 110(e)(2)(B)(vii). Finally, any advertisements for preparation services may not include any reference to the word "legal or any similar term." Id. § 110(f). Such limitations are reflected in the legislative history to section 110, which indicates

4

that petition preparers are restricted to "provid[ing] services solely limited to typing…." H.R. Rep. No. 103-835 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, at 3365, 1994 WL 562232, at *56.

Given the importance of regulating the conduct of bankruptcy petition preparers, violations of section 110 can result in significant penalties. The Bankruptcy Code permits the court to order the disgorgement of fees charged by a petition preparer who fails to comply with the requirements of section 110. 11 U.S.C. § 110(h)(3)(A), (B). If the petition preparer's acts are fraudulent, unfair or deceptive, courts shall order the payment of actual damages to the debtor, payment of the greater of $2,000 or twice the amount paid by the debtor to the preparer, and attorney's fees and costs. Id. § 110(i)(1). Finally, petition preparers can be fined up to $500 per violation of section 110, id. § 110(*l*)(1), and those fines can be tripled if the court finds that the petition preparer "advised the debtor to exclude assets or income that should have been included on applicable schedules; advised the debtor to use a false Social Security account number; failed to inform the debtor that the debtor was filing for relief under this title; or prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." Id. § 110(*l*)(2)(A)-(D).

The admitted facts show that Defendant failed to provide required disclosures and also improperly offered legal advice to the debtor and advertised as a legal firm.[3] The petition filed in Debtor's bankruptcy case included the Debtor's Statement of Financial Affairs and Schedules A through J (Case No. 16-55308, Docket No. 1). Under part seven of the petition, Debtor responded affirmatively to the question asking if she had paid or agreed to pay an individual who

---

[3] The Court notes that this is not the first case in which Defendant has been sanctioned for improper conduct in his capacity as a bankruptcy petition preparer. In September 2016, the bankruptcy court in the Western District of North Carolina entered an order sanctioning Defendant for nearly identical conduct. See In re Johnson, 2016 WL 5417367 (Bankr. W.D.N.C. 2016). The court in In re Johnson made reference to other similar cases involving Defendant. Id. at *3 n.3.

5

is not an attorney in exchange for help filling out her bankruptcy schedules. On the line provided, Debtor stated that "Attorney Daniel Silver" aided in the preparation of her petition and schedules. Debtor's schedules included a Disclosure of Compensation of Bankruptcy Petition Preparer (Form 2800), which was signed by Daniel Silver and indicated that Daniel Silver received $399 for document preparation. The schedules also included a Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119) that was signed by Daniel Silver. The company listed as Daniel Silver's firm is "Chapter 7 in 24". The business maintains a website at Chapter7in24.com. In response to an inquiry from Plaintiff, Daniel Silver stated that he is an attorney who acted as an independent contractor for Chapter7in24.com, but is no longer affiliated with the business.

It does not appear that Chapter 7 in 24 is a separate corporation. The allegations, which are deemed admitted, reflect that Defendant is the owner and operator of the business known as Chapter 7 in 24. The allegations also reflect that Defendant acted as a petition preparer in Debtor's case by collecting the information to be included in Debtor's bankruptcy documents and personally preparing the documents necessary for filing Debtor's case. Further, the Complaint alleges that Defendant personally offered legal advice to Debtor, despite not being an attorney licensed to practice law in Georgia. Defendant, or his firm, charged $399 for the petition preparation service, and paid Daniel Silver $100. It is accepted that "'[a]n unincorporated proprietorship is not a legal entity separate from the proprietor, and the use of a trade name for the business does not create a separate legal entity.' Indeed '[a] trade name…is nothing more than the alter ego of the individual.'" Shiho Seki v. Groupon, Inc., 333 Ga. App. 319, 324-25 (2015) (quoting Miller v. Harco Nat'l Ins. Co., 274 Ga. 387, 391 (2001) (citations omitted)). An individual operating under a trade name is personally responsible for the liabilities

6

Case 16-05162-wlh    Doc 18    Filed 03/16/17    Entered 03/16/17 15:35:18    Desc Main
Document      Page 7 of 13

against that trade name.  See Crolley v. Haygood Contracting, Inc., 201 Ga. App. 700, 702 (1991) (quoting Samples v. Ga. Mut. Ins. Co., 110 Ga. App. 297, 299 (1964)).

Defendant failed to include his name, address, and signature on any of the documents prepared, in violation of section 110(b)(1), despite the allegation that he was personally responsible for preparing Debtor's petition.  Defendant also failed to include his social security number on any of the documents he prepared for filing in Debtor's bankruptcy case, in violation of section 110(c).  Furthermore, Defendant did not file a disclosure of the fee he charged and received in connection with the bankruptcy case, in violation of section 110(h)(2).

In addition to failing to disclose information required by section 110, Defendant's website violates the advertising restrictions found in section 110.  The contents of Defendant's website are alleged in the Complaint, and are therefore deemed admitted.  On the main page of its website, Chapter 7 in 24 states "We are America's #1 Chapter 7 Bankruptcy Law Firm!!!"  Under the "Credentials" tab of the website, the business states "Chapter 7 in 24 is a Professional Law Firm" and "Your Chapter 7 Bankruptcy will be completed by a licensed attorney."  Furthermore, Defendant provided legal advice to Debtor while acting as a petition preparer, both personally and through the business's website.  For example, the following is listed under the "Chapter 7 Package" tab of the website for Chapter7in24.com:

> FIRST: We discuss your situation with you on the phone and work with you to help you find all of the creditors that can be listed on your Bankruptcy Petition (there are probably more of them than you are thinking of right now)
> SECOND:  We meet with you and collect all of the information that is required to prepare your Chapter 7 Petition and further discuss with you the Bankruptcy process so that the process will go smoothly for you.
> THIRD: We input your information into your Chapter 7 Bankruptcy according to U.S.C. 11 Section 110 of the Federal Bankruptcy code.
> FOURTH:  We meet with you, we review all the information on the Petition and have you approve and sign the Petition.
> FIFTH: We provide you with the Chapter 7 Petition so that you may file it with the courts.

> FINALLY: We follow up with you to make sure you are aware of what you need to do to complete the process.

Similar information can be found under other tabs included on the website. For example, under the "FAQ" tab, the site reads:

> Your bankruptcy may stay on your credit report for up to 7-10 years. However, in many cases, bankruptcy will improve your credit as soon as you receive your discharge because your past due creditors will be discharged and no longer report to the bureaus. You may immediately apply for a secured credit card and car loan and you may apply for a new mortgage after two years after bankruptcy.
>
> Chapter 7 bankruptcy can eliminate most unsecured debts such as collection judgments, medical bills, credit card bills, deficiency judgments on repossessions or foreclosures, auto accident insurance claims, personal loans, signature loans, unpaid rents or broken leases, certain taxes, gambling debts, old utility bills, etc. Not all debts will be discharged through bankruptcy. Non-dischargeable debts include alimony and child support, fines payable to any governmental unit, student loans, restitution imposed on you as part of a criminal sentence, debts incurred through fraud or by willful or malicious actions and certain taxes.

Also, under the "Truth About Chapter 7" tab, the site lists the following:

> If I am married, my spouse and I both have to file for bankruptcy.
>
> This is not true if one spouse has a significant amount of debt in his or her name only. However, if spouses have debts they want to discharge that they are both liable for, they should file for bankruptcy together. Otherwise, the creditor will simply demand payment for the entire amount from the spouse who did not file for bankruptcy.

Based on Defendant's admissions, the Court finds that Defendant's conduct and the content of his business website constitute unauthorized legal advice in violation of section 110(e)(2) and prohibited advertisement in violation of section 110(f). Additionally, the Court finds Defendant's actions in presenting Chapter 7 in 24 as a law firm and providing legal advice even though he is not an attorney licensed to practice in Georgia to be fraudulent, unfair and deceptive, warranting a sanction pursuant section 110(i)(1).

8

**III. Sanctions for Violations of 11 U.S.C. § 110**

Plaintiff asks for sanctions against Defendant under section 110(*l*) for the violations of section 110 enumerated above. In addition, Plaintiff asks for a $2,000 sanction pursuant to section 110(i)(1) to be assessed against Defendant, and further seeks the disgorgement of the $399 fee as unreasonable under section 110(h)(3)(A) and the disgorgement of any other fees paid by Debtor for fraud under section 110(h)(3)(B).

A. Sanctions for Omission of Identifying Information

Because Defendant acted as the bankruptcy petition preparer in Debtor's case, he was required to make all disclosures listed in section 110. The Court finds that Defendant failed to include his name and address on all documents prepared for Debtor's bankruptcy case in violation of section 110(b). Signatures were required on the Disclosure of Compensation of Bankruptcy Petition Preparer (Form 2800) and on the Bankruptcy Petition Preparer's Notice, Declaration and Signature (Official Form 119). On these pages, Defendant did not sign, include his address or otherwise identify himself as Debtor's bankruptcy petition preparer. For these violations of section 110(b), the Court imposes a sanction of $500 pursuant to section 110(*l*).

The Court also finds that Defendant failed to include his social security number in violation of 110(c). Defendant's social security number does not appear anywhere on the petition or official forms. For this violation, the Court imposes a sanction of $500 pursuant to section 110(*l*).[4] Finally, the Court finds that Defendant failed to disclose fees received in

---

[4] The inclusion of Daniel Silver's name and social security number on the official forms is insufficient to cure Defendant's failure to disclose. Section 110(b) requires the name and address of the petition preparer, which in this case was Defendant, or alternatively if the preparer is not an individual, the name and address of an "officer, principal, responsible person or partner", 11 U.S.C. § 110(b)(1)(A), (B), which would not include Daniel Silver, as Defendant admitted Silver acted solely as an independent contractor. Likewise, section 110(c) requires the social security number of "each individual who prepared [the petition] or assisted in its preparation", which would include Defendant, or if the preparer is not an individual, the social security number of an "officer, principal, responsible person or partner", which again would not include Daniel Silver. Allowing a preparer to avoid fines by "hiding behind someone else's signature" while not disclosing the identity of the preparer or an officer, principal or

violation of section 110(h)(2). While a disclosure statement was filed with the petition, it was only signed by Daniel Silver and did not state that any funds were received by Defendant. Accordingly, for this violation the Court imposes a sanction of $500 pursuant to section 110(*l*), for a total of $1,500 for omissions of identifying information.

B. Sanctions for Unauthorized Practice of Law

Defendant inappropriately provided legal advice, and Defendant's business website holds Chapter 7 in 24 out as providing legal services. The admitted facts state that Defendant provided legal advice to Debtor in preparing her schedules. Furthermore, the information enumerated above associated with the "FAQ" and "Truth About Chapter 7" portions of the website can be construed as either an attempt to provide legal advice or advertisement of his business improperly using the term "legal or other similar terms". For these violations of section 110(e)(2), the Court imposes a sanction of $500 pursuant to section 110(*l*).

In addition, Defendant's website violates the advertising restrictions found in section 110(f), which prohibit advertisements for bankruptcy petition preparer services from using the term "legal or any similar term". Multiple statements on the website suggest that Defendant would provide legal services, including "We are America's #1 Chapter 7 Bankruptcy Law Firm!!!", "Chapter 7 in 24 is a Professional Law Firm" and "Your Chapter 7 Bankruptcy will be completed by a licensed attorney". Accordingly, the Court imposes a sanction of $500 per statement pursuant to section 110(*l*), for a total of $1,500 for statements in violation of section 110(f). For violating the provisions of section 110 that restrict advertising and prohibit offering legal advice, Defendant is sanctioned $2,000 total.

---

otherwise responsible person for the preparer would thwart Congressional intent. In re Johnson, 2016 WL 5417367, at *7.

C. Sanctions Tripled Pursuant to 11 U.S.C. § 110(*l*)(2)

The sanctions for violating the disclosure requirements and prohibition on legal advice under section 110 total $3,500. Because the petition does not disclose Defendant's identity or otherwise disclose his involvement in the preparation of the petition, the Court must triple the amount of the fines imposed under section 110 pursuant to section 110(*l*)(2)(D). Therefore, the total amount of sanctions is $10,500. The funds shall be deposited and expended pursuant to section 110(*l*)(4)(A) (stating deposit and expenditure terms for judicial districts served by United States Trustees).

D. Sanction for Fraud and Disgorgement of Fees

Because Defendant's actions were fraudulent, unfair, or deceptive, the Court finds that a sanction under section 110(i)(1) is appropriate. No evidence of Debtor's actual damages, attorney's fees or costs was presented. But, Defendant is ordered to pay Debtor $2,000 pursuant to section 110(i)(1)(B)(i). Defendant is further ordered to disgorge all fees charged to Debtor in relation to this case pursuant to section 110(h)(3)(B), including the $399 fee. Finally, Defendant is permanently enjoined from preparing bankruptcy petitions to be filed in the Northern District of Georgia.

**IV. Conclusion**

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**. Defendant Dallas Xavier Evans is sanctioned as follows:

- For violating 11 U.S.C. § 110(b), Defendant is sanctioned $500;
- For violating 11 U.S.C. § 110(c), Defendant is sanctioned $500;
- For violating 11 U.S.C. § 110(h)(2), Defendant is sanctioned $500;
- For violating 11 U.S.C. § 110(e)(2), Defendant is sanctioned $500;

- For violations of 11 U.S.C. § 110(f), Defendant is sanctioned $1,500;

The total amount of fines for violations of section 110 is $3,500. The sanctions are tripled pursuant to 11 U.S.C. § 110(*l*)(2)(d) for Defendant's failure to disclose his identity, bringing the total amount of fines for violations of section 110 to $10,500. These funds shall be paid to the United States Trustee pursuant to 11 U.S.C. § 110(*l*)(4)(A) within 30 days following entry of this Order;

**ORDERED FURTHER** that Defendant shall disgorge the $399 fee to the bankruptcy trustee pursuant to 11 U.S.C. § 110(h)(3)(B) within 30 days following entry of this Order;

**ORDERED FURTHER** that Defendant shall pay $2,000 to Debtor pursuant to 11 U.S.C. § 110(i)(1)(B)(i) within 30 days following entry of this Order. The Court will enter a separate judgment in favor of the Debtor for the sanction pursuant to 11 U.S.C. § 110(i)(1)(B)(i);

**ORDERED FURTHER** that Defendant shall be permanently enjoined from preparing bankruptcy petitions to be filed in the United States Bankruptcy Court of the Northern District of Georgia.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Guy G. Gebhardt
Acting United States Trustee
362 Richard Russell Bldg
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Dallas Xavier Evans
124 Culverton Drive
Rochester, NY 14609-2751

Dallas Xavier Evans
1400 Harrington Road, Unite 6108
Lawrenceville, GA 30044

Dallas Xavier Evans
501 Summerchase Dr.
Duluth, GA 30096

Dallas Xavier Evans
4433 Bonnell Dr. NW APT A
Huntsville, AL 35816-2140

Dallas Xavier Evans
3034 Behrman Hwy
New Orleans, LA 70114

Absolute Results Productions, Ltd.
Attn: Dallas Xavier Evans
Suite 104-2677, 192nd Street
Surrey, B.C., Canada V3Z3X1